IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY GARCIA,

        Plaintiff,                      No. 2:08-cv-3099 GEB KJN P

    vs.

MICHAEL MARTEL, Warden,

        Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner Danny Garcia is a state prisoner proceeding without counsel who seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, based on challenges to his conviction made for the first time before this court.[1] Respondent Michael Martel, Acting Warden of Mule Creek State Prison, moves to dismiss this action on the ground that it was filed outside the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner has filed an opposition in which he challenges calculation of the statute of limitations, asserts equitable tolling, requests

---

[1] Petitioner claims, inter alia, that the evidence submitted at trial against him was tampered, including altered police reports; that his conviction was obtained pursuant to a conspiracy between the public defender and the district attorney; and that counsel failed to collect all relevant information or make a suppression motion. Petition (Dkt. No. 5), at 6, 17 (electronically-filed pagination).

1

a stay and abeyance to exhaust new claims in state court,[2] and asserts that he is in fact innocent. Respondent has filed a reply, and petitioner thereafter filed a declaration. For the following reasons, the court recommends that respondent's motion to dismiss be granted and that this action be dismissed with prejudice.

I. BACKGROUND

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA" or "Act"). The Act applies to all petitions for writs of habeas corpus filed after its enactment, Lindh v. Murphy, 521 U.S. 320 (1997); Ainsworth v. Calderon, 138 F.3d 787, 790 (9th Cir. 1998), and therefore applies to the instant petition filed September 2, 2008.[3] Pursuant to the Act's revisions, Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---

[2] The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); Carothers v. Rhay, 594 F.2d 225 (9th Cir. 1979); 28 U.S.C. § 2254(b). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . . or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971).
    Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237–38.

[3] Although the court docket indicates a filing date of September 8, 2008 (Dkt. No. 5), September 2, 2008 is the date on which petitioner, proceeding pro se, signed and delivered the instant petition to prison officials for mailing (see Dkt. No. 5, at 17). Pursuant to the mailbox rule, that date is considered the filing date of the petition. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.

The following facts and chronology are relevant to the instant statute of limitations analysis:

1. In February 2004, petitioner was convicted in Butte County Superior Court of, inter alia, multiple lewd acts upon four children. In March 2004, he was sentenced to a determinate state prison term of 20 years, eight months, plus an indeterminate state prison term of 30 years to life. (See Lodged Document ("LD") No. 1, at pp. 541– 45.)[4]

2. On April 4, 2006, the California Court of Appeal, Third District, affirmed the judgment of the Superior Court. (LD No. 2.)

3. Petitioner petitioned for review in the California Supreme Court on May 17, 2006, which was denied without prejudice on July 26, 2006, as follows (LD No. 4):

> Petition for review denied without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in Cunningham v. California, No. 05-6551, the effect of Blakely v. Washington (2004) 542 U.S. 296 and United States v. Booker (2005) 543 U.S. 220, on California law.

---

[4] All documents identified as Lodged Documents were filed by respondent in this action on February 5, 2010. (Dkt. No. 35.)

3

4. Petitioner filed one state post-conviction collateral challenge, a petition for writ of habeas corpus filed in the California Supreme Court on July 9, 2008. (LD No. 5.) The petition was denied on December 23, 2008. (LD No. 6.)

5. Meanwhile, on September 2, 2008, petitioner filed the instant federal petition for writ of habeas corpus. (Dkt. No. 1.)

Following the California Supreme Court's denial of review on July 26, 2006, pursuant to petitioner's direct appeal, petitioner had ninety days within which to file a petition for writ of certiorari before the United States Supreme Court. Rule 13, U.S. Supreme Court Rules. Petitioner did not pursue this option, and therefore his conviction became final upon expiration of the time for seeking such final direct review on October 24, 2006. 28 U.S.C. § 2244(d)(1)(A).

Thus, the one-year statute of limitations commenced running the following day, on October 25, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Absent tolling, the limitations period ended one year later, on October 24, 2007. Petitioner filed the instant action on September 2, 2008, more than ten months after expiration of this AEDPA limitation period.[5]

## II. DISCUSSION

### A. CONVICTION DATE

Petitioner first contends that his conviction did not become final on October 24, 2006, but on May 1, 2007. Petitioner argues that because the California Supreme Court denied his petition for review without prejudice, citing the United States Supreme Court's pending decision in Cunningham, once that decision was filed, on January 22, 2007 (Cunningham v. California, 549 U.S. 270 (2007)), petitioner *then* had ten days within which to file a second

---

[5] The petition for writ of habeas corpus petitioner filed in the California Supreme Court on July 9, 2008 (denied on December 23, 2008), had no independent tolling effect, nor did it "restart" the limitations period because it was filed *after* expiration of AEDPA's statute of limitations. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner does not contend otherwise.

4

petition for review,[6] followed by ninety days within which to file a petition for writ of certiorari before the United States Supreme Court. Only at the conclusion of these deadlines, on May 1, 2007, argues petitioner, did the one-year statute of limitations commence running within which petitioner was required to file the instant federal petition.

These arguments lack merit. In an analogous case, the United States District Court for the Central District of California rejected this argument based on an identical denial of a petition for review by the California Supreme Court ("without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in Cunningham v. California, No. 05-6551, the effect of Blakely v. Washington (2004) 542 U.S. 296 and United States v. Booker (2005) 543 U.S. 220, on California law"). See Thompson v. Almager, 2009 WL 838156 (C.D. Cal. 2009). In Thompson, unlike the instant case, petitioner filed a motion in the Court of Appeal to recall the remittitur in light of the Cunningham decision. The motion was denied without prejudice to filing a writ of habeas corpus in the superior court, and the California Supreme Court thereafter denied review. Petitioner then filed a petition for writ of habeas corpus in federal court, which the court in Thompson dismissed with prejudice as time-barred. The court found that, because the state never reopened petitioner's direct appeal, the date on which his conviction became final remained unchanged.

The same reasoning applies in the instant case, as petitioner's direct appeal was never reopened. Therefore, the date on which petitioner's conviction became final remains October 24, 2006.

B.  IMPACT OF CUNNINGHAM ON STATUTE OF LIMITATIONS

Petitioner next contends that the date of the Cunningham decision (January 22, 2007) "restarted" commencement of the AEDPA statute of limitations as applied to petitioner. There is no basis for this contention.

---

[6] See Rule 8.500(e) (formerly Rule 8), California Rules of Court ("petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court").

5

Some background is warranted. Petitioner's contentions on direct appeal (apparently not pursued in the instant petition) included the alleged misapplication of California Penal Code Section 803(g), which permits prosecution of specified sexual offenses against minors after expiration of the statute of limitations if, inter alia, the prosecution is commenced within one year of the victim reporting the alleged abuse to law enforcement. Petitioner contended, under his Sixth Amendment right to jury trial, that the State erred in failing to prove, and requiring the jury to find, beyond a reasonable doubt, the factors permitting extension of the statute of limitations under Section 803(g). This contention was based on the further argument that the factors set forth in Section 803(g) should be treated as elements of plaintiff's offenses, based on the holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000),[7] Blakely v. Washington, 542 U.S. 296 (2004),[8] and United States v. Booker, 543 U.S. 220 (2005).[9] See Petitioner's Petition for Review (LD 3, at 9-12).

The California Court of Appeal rejected petitioner's argument on the ground that the California Supreme Court had decided in People v. Black, 35 Cal. 4th 1238 (2005) ("Black I"), that the state's sentencing scheme did not violate the Sixth Amendment. See Court of Appeal Decision (LD 4, at 32). However, when the California Supreme Court denied review, it did so without prejudice to any relief petitioner might be entitled after the United States Supreme Court's decision in Cunningham. (LD No. 4.) The Supreme Court thereafter held in Cunningham that California's determinate sentencing law violated a defendant's Sixth

---

[7] Apprendi v. New Jersey, 530 U.S. 466 (2000), held that, other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

[8] Blakely v. Washington, 542 U.S. 296 (2004), held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose solely based on the facts reflected in the jury's verdict or admitted by defendant.

[9] United States v. Booker, 543 U.S. 220 (2005), addressing the constitutionality of the federal sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the defendant or found by the jury.

6

Amendment right to a jury trial by assigning to the trial judge, rather than to the jury, the authority to find facts that render a defendant eligible for an upper term sentence. The Supreme Court disagreed with the decision in Black I. See generally, Cunningham v. California, 549 U.S. 270; see also, Black v. California, 549 U.S. 1190 (2007). In response, the California Legislature amended California Penal Code Section 1170(b), to allow trial courts the discretion to select among lower, middle, and upper terms without stating ultimate facts deemed to be aggravating or mitigating. Stats. 2007, ch. 3, § 2, effective March 30, 2007; see People v. Sandoval, 41 Cal. 4th 825, 831, 836 (2007). Thereafter, in People v. Black, 41 Cal. 4th 799 (2007) ("Black II"), cert. denied, 128 S. Ct. 1063 (2008), the California Supreme Court held that the Blakely line of cases does not apply to the imposition of consecutive terms under state law.

In short, these cases – Cunningham and its predecessors – do not address plaintiff's statute of limitations challenge to California Penal Code Section 803(g). This conclusion is buttressed by the fact that this court has found only one post-Cunningham challenge to Section 803(g). See Swanson v. Adams, 2007 WL 3119553 (N.D. Cal. 2007) (rejecting ex post facto challenge to statute, and relying on Cunningham and Black II to conclude that the Sixth Amendment is not implicated by the imposition of consecutive sentences).

Moreover, even were the Blakely line of cases relevant, petitioner's challenge remains time-barred. As found by the court in Thompson, AEDPA's one-year statute of limitations was not "restarted" by the date of the Cunningham decision because (1) the decision is not recognized by the Ninth Circuit to be a new rule of law, see Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008), cert. denied, ___ U.S. ___, 129 S.Ct. 767 (2008), and (2) the Supreme Court has not found Cunningham to be retroactive. See, 28 U.S.C. § 2244(d)(1)(C) ("[t]he limitation period shall run from the latest of . . . the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). Thompson, 2009 WL

838156, at *2-*3.[10] The court in Thompson further reasoned that, even if these threshold factors had been met, petitioner failed (as did petitioner in the instant case) to file his federal petition within one year of the Cunningham decision. Thompson, 2009 WL 838156, at *3. Accord, Covert v. Yates, 2009 WL 4031120 (E.D. Cal. 2009) (Cunningham decision did not create new statute of limitations trigger date).[11]

This court therefore concludes that the Cunningham decision did not "restart" the AEDPA statute of limitations and, even if it had, the line of cases addressed therein are not relevant to petitioner's challenge to the statute of limitations set forth in California Penal Code Section 803(g).

### C. TOLLING OF THE STATUTE OF LIMITATIONS

Thus, petitioner has presented no basis upon which to find that the one–year

---

[10] But see, Butler, 528 F.3d at 639 (although Cunningham did not announce new rule of law, it may be applied retroactively on collateral review); cf., Chioino v. Kernan, 581 F.3d 1182, 1186, n. 1 (9th Cir. 2009) (proper remedy for Sixth Amendment error under Cunningham is remand to the state trial court for re-sentencing, where conviction and sentencing became final after Blakely, but before Cunningham).

[11] As set forth by another magistrate judge in this district:

Petitioner suggests that a later trigger date for the statute of limitations runs from the date Cunningham was decided pursuant to 28 U.S.C. § 2244(d)(1)(C). In Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008) the Ninth Circuit concluded that Cunningham did not announce a new rule . . . In Butler, the Ninth Circuit found that Cunningham was "clearly dictated by the Supreme Court's Sixth Amendment case law, in particular Blakely ...". 528 F.3d at 628. Pursuant to Butler, the statute of limitations for a Cunningham claim does not run from the date on which Cunningham became final because the constitutional right was not "newly recognized" by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

Further, if the source of the newly-recognized right for 2244(d)(1)(C) purposes is treated as being Blakely v. Washington, 542 U.S. 296 [] (2004), that case does not meet the second 2244(d)(1)(C) prong because it is not retroactive, see Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir.2005). The Ninth Circuit has also held that United States v. Booker, 543 U.S. 220 [] (2005) is not retroactive. United States v. Cruz, 423 U.S. 1119, 1121 (9th Cir. 2005). For these reasons, petitioner's application for a writ of habeas corpus [filed after expiration of the non-tolled statute of limitations] is not timely under 28 U.S.C. § 2244(d)(1)(C).

Covert v. Yates, 2009 WL 4031120, at *2.

AEDPA limitations period commenced later than October 24, 2006. However, petitioner next contends that he is entitled to tolling of the limitations period from July 26, 2006 to May 1, 2007, as "a direct result" of his appellate counsel's failure to "finalize" petitioner's direct appeal after the Cunningham decision. For the foregoing reasons, Cunningham did not recognize new rights to sustain further pursuit of petitioner's appeal. There can be no claim for ineffective assistance of counsel where no constitutional right exists, Wainwright v. Torna, 455 U.S. 586, 587-88 (1982), and thus there is no basis for equitable tolling.

Petitioner next seeks tolling for the period February 8, 2008 to May 7, 2008, when petitioner was housed in administrative segregation, and his "jailhouse lawyer," Russell Davila, a "scam artist," retained petitioner's legal materials. Petitioner further asserts that the response of the California Department of Corrections and Rehabilitation ("CDCR"), by failing to assist petitioner in obtaining the return of his legal materials or to provide basic legal assistance to prisoners, and by generally failing to protect petitioner from other inmates, constituted "governmental interference" that "had a direct detrimental impact on the Petitioner's ability to effectively communicate with appellate counsel and pursue a Petition for Writ of Habeas Corpus." Opposition, at 1, 10. However, this period, in its entirety, is beyond the expiration of the relevant statute of limitations and can have no tolling effect.

### D. STAY AND ABEYANCE

Petitioner concedes that the instant petition raises unexhausted claims. He states that "[t]he current petition is deficient in several ways. First and foremost, it does not carry forward the federal claims raised and exhausted by appellate counsel. . . . Second, there are numerous issues that do not appear to have been raised either by direct appeal or habeas corpus." Opposition, at 12. Petitioner requests a "stay and abeyance" to permit him the opportunity to exhaust his claims, citing Rhines v. Weber, 544 U.S. 269 (2005).

The Supreme Court in Rhines authorized reliance on the "stay and abeyance" procedure to stay a *timely-filed* federal habeas petition containing both exhausted and

unexhausted claims, in order to permit the petitioner to first present his unexhausted claims in the state courts, "only in limited circumstances," Id., 544 U.S. at 277 (emphasis added). The Court cautioned that the procedure is "only appropriate" "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277, 278.

Because petitioner's petition is untimely, the court is without jurisdiction to stay it. Moreover, even if his petition was timely filed, petitioner has failed to demonstrate good cause for his failure to exhaust newly raised claims or that any such claims are potentially meritorious.

E. ACTUAL INNOCENCE CLAIM

Finally, at the conclusion of his petition, petitioner contends that he is innocent:

> The inexperience of Mr. Davila and CDCR's policy providing only law libraries and not trained legal assistance ought not to be used as grounds to deny Petitioner one full opportunity to present his absolute innocence claims. At the every stage of the trial court proceedings Petitioner insisted to counsel that he was absolutely innocent of the claims against him. Evidence existed which would tend to prove this, but counsel failed to develop it and Petitioner requests leave to pursue those claims in the state courts before proceeding with this matter.

Opposition, at 13.

Petitioner is informed of the following principles. "A person when first charged with a crime is entitled to a presumption of innocence, and may insist that his guilt be established beyond a reasonable doubt." Herrera v. Collins, 506 U.S. 390, 398 (1993), citing In re Winship, 397 U.S. 358 (1970). However, "[o]nce a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the presumption of innocence disappears." Herrera, 506 U.S. at 399 (citation omitted). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Id. at 400.

A petitioner's "otherwise-barred claims" may be considered on the merits "if his claim of actual innocence is sufficient to bring him within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" Carriger v. Stewart, 132 F. 3d 463, 477 (9th

Cir. 1997) (en banc) (quoting Schlup v. Delo, 513 U.S. 298, 315 (1995)). To make a successful claim under Schlup, "a petitioner must show that in light of all the evidence, including new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " Carriger, 132 F.3d at 478, quoting Schlup, at 327. While neither the Supreme Court nor the Ninth Circuit has determined whether the Schlup "fundamental miscarriage of justice standard" overrides AEDPA's statute of limitations, Majoy v. Roe, 296 F.3d 770, 775-77 (9th Cir. 2002), this has been assumed in at least one Ninth Circuit case, see Johnson v. Knowles, 541 F.3d 933 (9th Cir. 2008) (assumed actual innocence blanket exception to AEDPA limitations statute); but see, e.g., Hebert v. Marshall, 2009 WL 3055209, *8 (E.D. Cal. 2009) ("the authority from other circuits dispels the preliminary blush that the AEDPA limitations statute has an omnibus, unwritten, actual innocence exception").

When presented with an actual innocence claim bearing on a potentially meritorious constitutional challenge that requires further factual development, the court must convene an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[12] "Where newly discovered evidence is alleged in a habeas application, evidence which could not reasonably have been presented to the state trier of facts, the federal court must grant an evidentiary hearing. Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a

---

[12] 28 U.S.C. § 2254(e)(2) provides (emphasis added):

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall *not* hold an evidentiary hearing on the claim *unless* the applicant shows that--
    (A) the claim relies on--
        (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

ground for relief on federal habeas corpus." Townsend v. Sain, 372 U.S. 293, 317 (1963), quoted with approval in Herrera v. Collins, supra, 506 U.S. at 400.

In the present case, petitioner asserts that there exists evidence, other than that presented at trial, that will prove he is innocent provided he is given sufficient time to develop it. He alleges that such evidence should have been, but was not, developed by his counsel. Petitioner does not identify this evidence or suggest what it may be. Review of petitioner's filings indicates that this evidence may relate to petitioner's general assertions that the evidence relied upon by the prosecution was tampered, including falsified police reports; that his conviction was obtained pursuant to a conspiracy between the public defender and the district attorney; that petitioner's trial counsel failed to obtain records from the Department of Motor Vehicles that would demonstrate petitioner did not own a particular car during the period he was found guilty of perpetrating sexual crimes therein; that counsel failed to make a suppression motion; and that an officer at Butte County Jail is having sexual relations with one of petitioner's victims, and convinced her to lie at petitioner's trial.

The court finds that these allegations do not meet the requirements under AEDPA for convening an evidentiary hearing. See 28 U.S.C. § 2254(b) (n. 12, supra). Rather, petitioner requests that he be permitted to investigate his case anew, based on his hope that exculpatory evidence will be found. The court further finds that petitioner has not met the requirement of an "extraordinarily high" showing of "a truly persuasive demonstration of 'actual innocence.'" Herrera, 506 U.S. at 417; see also, Cooper v. Brown, 510 F.3d 870, 885 (9th Cir. 2007). The court concludes, therefore, that plaintiff's actual innocence claim is too inadequate to overcome his statute of limitations bar.

III. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 18), be granted; and

2. This action be dismissed with prejudice.

1    These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6  objections shall be filed and served within 14 days after service of the objections.  The parties are
7  advised that failure to file objections within the specified time may waive the right to appeal the
8  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: February 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

garc3099.mtd